THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAURENCE MACK, Defendant-Appellant.

Second District   No. 84—0580

Opinion filed June 5, 1985.—Rehearing denied July 8, 1985.

Charles K. Piet, of Chicago, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Mark T. Zubor, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

On March 6, 1984, defendant, Laurence Mack, entered pleas of guilty to three counts of an information all charging him with the felony of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(2)) occurring on April 2 and April 3, 1983, involving the same child; a complaint charging him with the misdemeanor of contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—5(a)(2)) occurring on March 5, 1983, involving a second child; and four counts of an amended information also charging him with contributing to the sexual delinquency of a child occurring on April 2 and April 3, 1983, involving a third child. The pleas of guilty were negotiated to the extent that the court would determine the penalty with probation being one of the possible sentences and with the maximum term of imprisonment to be not more than four years. Following a sentencing hearing, defendant was sentenced to two concurrent four-year terms of imprisonment on two of the indecent liberties counts, a four-year term of probation on the third indecent liberties count to be served consecutive to the terms of imprisonment, and a one-year term of probation on each of the five misdemeanor charges of contributing to the sexual delinquency of a child, all to be served concurrently with the four-year probation term imposed for one of the indecent liberties counts.

On appeal, four issues, all concerning defendant's sentencing, are raised: (1) whether the trial court erred in arbitrarily refusing to even consider a possible sentence of probation; (2) whether the trial court abused its discretion in sentencing defendant to imprisonment

under the circumstances in this record; (3) whether the trial court erred in imposing sentences of probation to be served consecutively to the simultaneously imposed sentence of imprisonment; and (4) whether defendant is entitled to a reduction of sentence because the acts to which he pleaded guilty were reduced in penalty by the enactment of new legislation during the pendency of this case.

■ Defendant first contends on appeal that the trial court arbitrarily rejected probation as a possible sentence and thereby abused its discretion in sentencing him to a period of imprisonment. Defendant bases his argument on several statements made by the trial court both before and after the entry of the pleas of guilty. In particular, defendant calls attention to the response made by the court prior to the pleas, upon being advised by counsel for both sides that they desired a conference for discussion of a proposed plea agreement under the terms of Supreme Court Rule 402 (87 Ill. 2d R. 402). In response, the court stated:

> "I don't know whether I want to participate in a 402 conference. Obviously there is a presentence investigation filed and I have read that. If you are going to talk to me about probation, I don't want to talk to you."

Immediately thereafter, the following comment was made by defendant's attorney:

> "MR. BROWN: No, Judge, we have a plea to present. The reason Doctor Baron is here is because I think he can give the Court some valuable aid in exploring all the possibilities and I'm sure the Court is not foreclosing all possibilities at this point.
>
> The plea does contemplate a capacity of maximum time in the penitentiary and I would like to discuss that along with Mr. Johnson and the State with you in chambers, along with Doctor Baron."

Defendant also points to several remarks made by the court in the course of the Rule 402 admonishments at the time of the pleas of guilty as follows:

> "You heard me before in open court say that and because of your position of trust regarding the children I feel strongly that it's a good potential that you're going to go to prison. But I told them I'd be willing to listen to whatever you might present or they might present on your behalf. You understand all that?
>
> * * *
>
> Now, during the time period here before sentencing if you

go out and do something and it comes back to me, then all I can do is reject it or I can examine the file and decide that four years is not enough and if I did that, then I would recuse myself and send it to another judge and you'd have a trial, do you understand that?"

Two other statements made by the trial court at the time of imposing sentence and in the course of denying defendant's motion for reduction of sentence, set out respectively below, are argued by defendant as demonstrating the court's arbitrary refusal to consider probation.

"You have two very good attorneys. You probably could be sentenced to 30 years, but they made an agreement for you that I don't really understand which makes it a top of four. And with the record you have, you could go for 30 right now.

We did have an extensive sentencing hearing at the time, there was a great deal of preparation and presentation made. It's my considered opinion that if I had an open plea instead of a guilty verdict [sic], he would have received substantially more than 4 years.

Motion for reduction of sentence is denied."

It is well established that where the record affirmatively shows that the trial judge arbitrarily denied probation because defendant fell within the trial judge's category of disfavored offenders, the defendant is entitled to a new sentencing hearing. (People v. Bolyard (1975), 61 Ill. 2d 583, 587, 338 N.E.2d 168; People v. Kendrick (1982), 104 Ill. App. 3d 426, 435, 432 N.E.2d 1054; People v. MacRae (1977), 47 Ill. App. 3d 302, 315-17, 361 N.E.2d 685.) Nevertheless, the reviewing court will examine the remarks in the context in which they are said in determining whether the court acted arbitrarily in denying probation. (See People v. Waud (1977), 69 Ill. 2d 588, 595, 373 N.E.2d 1; People v. Dale (1979), 69 Ill. App. 3d 772, 775, 387 N.E.2d 418; People v. Hammock (1979), 68 Ill. App. 3d 34, 42-43, 385 N.E.2d 796.) Here, the trial judge neither categorized defendant as one of a class which, under all circumstances, is not probationable, nor does the record indicate a bias or prejudice against defendant for which the judge was arbitrarily disposed from the outset to reject probation.

We are satisfied after reviewing the entire record that the trial court did not arbitrarily deny probation or refuse to consider probation. It is apparent from the context in which the trial judge initially refused to participate in a Rule 402 conference that he was not refusing to consider probation, but merely disclosing that he was not

going to be bound to give probation based upon a plea agreement between the State and the defendant. The trial judge did eventually participate in an off-the-record conference with the attorneys during which the attorneys suggested various sentencing alternatives, but no plea agreement was reached except that the court would not sentence defendant to imprisonment for over four years if imprisonment was the sentence. All the other statements of the trial judge throughout the proceedings indicate that he considered various sentencing alternatives, which included probation as suggested by the defendant, and did not act arbitrarily or fail to give full and fair consideration to the statutory factors applicable in connection with his sentencing decision.

■ Defendant next contends that because the trial court did not give due consideration to the factors in mitigation, including the objective of rehabilitating defendant and restoring him to society, the sentence of imprisonment should be vacated as an abuse of discretion and the cause remanded for resentencing. In support of this argument, he claims that the three complaining witnesses, ages 15, 16 and 17 were willing participants in the acts in question and that none suffered or were threatened with physical harm. He states that his conduct, the result of "homosexual pedophilia," is unlikely to recur in view of his resignation of his employment as a schoolteacher and his participation in individual counseling and group therapy. He has no prior criminal record other than a conviction for indecent liberties with a child involving one of these youths, which occurred in Cook County within weeks of the present offenses. He also points to evidence indicating that incarceration would pose a hardship to his elderly parents, hinder his attempts at rehabilitation, and pose the danger that defendant himself might commit suicide. He concludes that the court's summary of the evidence adduced on his behalf was superficial, demonstrating that inadequate consideration was given to these matters.

Sentencing is a function of the trial judge whose decisions in that regard are entitled to great deference and weight, and absent a showing of an abuse of discretion, a reviewing tribunal will not disturb a sentencing decision. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) The trial judge is charged with the difficult task of fashioning a sentence which would strike the appropriate balance between protection of society and rehabilitation of the offender, and a reviewing court will not substitute its judgment for that of the trial court merely because we would have balanced the appropriate factors differently if the task of sentencing had been

ours. (*People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541.) While our State Constitution requires the court to consider the defendant's rehabilitation potential in sentencing him, it does not require the judge to give greater weight to that consideration than to the seriousness of the offense. *People v. Nelson* (1985), 130 Ill. App. 3d 304, 310, 474 N.E.2d 23.

It is evident from the record that the trial judge considered the evidence presented by defendant in mitigation of sentence and balanced the appropriate sentencing factors. The multiple offenses in question were committed against three different boys. One of the boys was a former student of defendant's and another was a State ward placed in defendant's home. There was evidence presented that defendant had these sexual propensities regarding young boys for some time, and lengthy treatment is necessary, because the recidivism rate is high for this type of offender. There also was testimony regarding a study of the young victims of sex offenders which revealed that 40% of the victims will themselves become pedophilic sex offenders. The trial judge was properly concerned with the multiple offenses involved and the danger to society because of the likelihood of reoccurrence of this type of criminal conduct.

We have reviewed the record carefully and conclude that the trial judge in imposing the minimum sentence of imprisonment did not abuse its sentencing discretion.

■ Defendant's third contention of error is that the trial court erred in imposing sentences of probation to be served consecutive to the simultaneously imposed sentence of imprisonment. He asserts that such a sentence is not provided for by the section of the Unified Code of Corrections providing for consecutive sentences (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4), and claims that except for establishment of a period of incarceration not exceeding six months as a condition of probation (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3(d)), there is no statutory authority for combining a term of imprisonment with a period of probation. Defendant therefore contends that the consecutive terms of probation must be vacated.

The State concedes that multiple terms of probation imposed at the same time must run concurrently (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—2(b)), and seeks to avoid that result by asserting that the instant defendant was not sentenced to consecutive multiple terms of probation, but concurrent multiple terms of probation consecutive to a sentence of imprisonment. It claims that the Unified Code of Corrections embodies no prohibition against imposition of incarceration for one offense and a sentence of probation for a sepa-

rate offense, to be served consecutively to the sentence providing for imprisonment.

The Unified Code of Corrections provisions in chapter V on sentencing (Ill. Rev. Stat. 1983, ch. 38, par. 1005—1—1 *et seq.*) do not expressly authorize consecutive sentences of probation and imprisonment, nor has our research disclosed any Illinois decision addressing the issue of whether a trial court may impose a sentence of probation for one offense to run consecutive to a sentence of imprisonment for a separate offense. Under article 8 of the Code, entitled "Imprisonment," section 5—8—4 (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4) expressly allows consecutive terms of imprisonment pursuant to the standards set forth therein, and under article 6 of the Code, entitled "Sentences of Probation and Conditional Discharge," section 5—6—2(b) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—2(b)) has been held to authorize, by negative implication from the language in that section, consecutive multiple terms of probation not imposed at the same time and not for the same offense. (*People v. Gischer* (1977), 51 Ill. App. 3d 847, 854-55, 366 N.E.2d 521; see also *People v. Redman* (1984), 122 Ill. App. 3d 787, 793, 462 N.E.2d 21; *People v. Tedford* (1983), 112 Ill. App. 3d 603, 604-06, 445 N.E.2d 841.) For the reasons set forth below, we conclude that a sentence of probation to be served consecutive to a sentence of imprisonment for a separate offense is not a sentence authorized under the Code. Although under the facts in this case the sentences were imposed at the same time, we believe the same result is compelled even were the consecutive sentence of probation imposed subsequent to the sentence of imprisonment.

Sentencing dispositions imposed by the courts must be authorized by law. (*People v. DuMontelle* (1978), 71 Ill. 2d 157, 164, 374 N.E.2d 205; *People v. Breen* (1976), 62 Ill. 2d 323, 326-29, 342 N.E.2d 31.) Generally, penal statutes should be strictly construed and not extended in their application to cases which do not, by the strictest construction, come under their provisions. (See *People v. Perkins* (1946), 395 Ill. 553, 558-59, 70 N.E.2d 622.) Our supreme court recently stated in *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 472 N.E.2d 802, in the context of the statute providing for enhancement of penalties, that "the law does not permit a double enhancement of a penalty without a clear indication of a legislative intent to accomplish that result, and that the slightest ambiguity in any statute which calls for double enhancement requires the application of a rule of lenity and construction of the statute strictly in favor of the defendant." *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 374, 472

N.E.2d 802; see also *People v. Robinson* (1982), 89 Ill. 2d 469, 475, 433 N.E.2d 674.

The effect of a sentence of probation to be served consecutive to a sentence of imprisonment, rather than concurrent with the imprisonment, is to increase the penalty. The legislature has not expressly authorized the imposition of a term of probation consecutive to a term of imprisonment under the Unified Code of Corrections, which is consistent with the law prior to enactment of the Code that provided for consecutive sentences only for multiple terms of imprisonment. (See Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m), repealed by Public Act 77—2097, sec. 8—5—1, eff. January 1, 1973.) Thus, applying the rule of lenity and construction of the penal statute strictly in favor of the defendant, we hold that, absent legislative authorization, a sentence of probation may not be imposed to run consecutive to a sentence of imprisonment. Whether there is benefit to such a sentence is a subject we commend to the consideration of the General Assembly. The sentences of probation imposed which were to run concurrent with each other, and consecutive to the sentence of imprisonment, are vacated to the extent they are to be served consecutively to the sentence of imprisonment, and pursuant to our authority under Supreme Court Rule 615(b) (87 Ill. 2d R. 615(b)), we modify the sentences of probation to run concurrently with the sentence of imprisonment.

■ Defendant's final contention is that he is entitled to a reduction of sentence on the three felony counts of indecent liberties with a child because the penalties for the acts to which he pleaded guilty have been reduced to a Class A misdemeanor by the enactment of new legislation during the pendency of this cause on appeal. Defendant relies on section 4 of "An Act to revise the law in relation to the construction of statutes" (Ill. Rev. Stat. 1983, ch. 1, par. 1103), as construed by the supreme court in *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, which provides:

"Sec. 4. No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the

time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." (Ill. Rev. Stat. 1981, ch. 1, par. 1103.)

Defendant states that, effective July 1, 1984, the offense of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4) has been repealed, and the conduct previously punishable under that section proscribed as the new offense of criminal sexual abuse (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—15). Defendant takes the position that the substance of the new offense remains identical to that of the former offense, but that the penalty has been reduced from that for a Class 1 felony to Class A misdemeanor. He thus asserts a right to be resentenced only as a misdemeanant for the three indecent liberties offenses of which he stands convicted.

Whenever the effect of a new law is to mitigate a penalty provided under a current statute, the new provision may with the consent of the accused be applied to any judgment pronounced after the new law takes effect. If, however, the new statute changes the nature of an existing offense, the accused may be convicted and sentenced under the law in effect at the time the offense was perpetrated. (See *People v. Palmore* (1983), 113 Ill. App. 3d 926, 446 N.E.2d 911.) Thus, the supreme court determined in *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, that the value of the property stolen is not an essential element of the offense of theft and that a statutory amendment raising the line of value demarcation of the stolen property between felony and misdemeanor theft was a matter affecting only the level of sentence which might be imposed. The defendant was therefore allowed the option of being sentenced under the new act. However, where the effect of legislative action would be to change the nature of the offense so as to prevent the accused's conviction if the new act had been applied, the judgment imposed under the former statute may stand. *People v. Bilderback* (1956), 9 Ill. 2d 175, 137 N.E.2d 389; see *People v. Palmore* (1983), 113 Ill. App. 3d 926, 929-30, 446 N.E.2d 911.

Defendant asserts that the decision in *Bilderbeck* is distinguishable, inasmuch as that case involved conduct constituting an offense which, under the new statute, would no longer be criminally punishable. In the case at bar, defendant argues that the indecent acts per-

petrated by defendant constituted an offense under both the old and the new statutes.

We believe that Public Act 83—1067, effective July 1, 1984, which repealed section 11—4 of the Code of Criminal Procedure of 1963 and certain other sections of the Code pertaining to sex offenses, and replaced these sections with newly defined sex offenses, affected substantive elements of the sex offenses charged rather than changing sentencing only. (See Jaffe & Becker, *Four New Basic Sex Offenses: A Fundamental Shift in Emphasis*, 72 Ill. B.J. 400 (1984); Inman & Lewis, *HB 606: Problems of Policy and Enforcement*, 72 Ill. B.J. 404 (1984).) Further, section 27 of Public Act 83—1067 contains a saving clause which provides:

"Saving clause, construction. The abolition of any offense by this Act does not affect any prosecution pending, penalty, punishment, disqualification from office or employment, forfeiture incurred, or rights, powers or remedies accrued under any law in effect immediately prior to the effective date of this amendatory Act of 1983, which related to the abolished offense. The provisions of this amendatory Act insofar as they are the same or substantially the same as those of any prior statute, shall be construed as a continuation of such prior statute and not as a new enactment.

This amendatory Act of 1983 shall only apply to those persons who commit offenses prohibited under Sections 12—13 through 12—16 of the Criminal Code of 1961, as amended, on or after the effective date of this amendatory Act." 1983 Ill. Laws 7306.

Finally, defendant is not entitled to sentencing relief based upon this new legislation as defendant was sentenced before the July 1, 1984, effective date of the statutory change. *People v. Bradford* (1985), 106 Ill. 2d 492.

For the foregoing reasons, the judgments below are affirmed as modified.

Affirmed as modified.

NASH, P.J., and LINDBERG, J., concur.