THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARSE LOWERY, Defendant-Appellant.

Second District   No. 2—87—0102

Opinion filed December 16, 1988.

G. Joseph Weller, Robert C. Cooper, and Manuel S. Serritos, all of State Appellate Defender's Office, of Elgin, for appellant.

Robert F. Casey and Gary V. Johnson, State's Attorneys, of Geneva, and Barbara J. Slingerland, of Springfield (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Marse Lowery, was found guilty of the offenses of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1) and unlawful possession of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(a)(2)). He was sentenced to a nine-year term of imprisonment for burglary and a 30-month term of probation for unlawful possession of a controlled substance, and the sentences were ordered to be served consecutively. On appeal, defendant contends that the trial court abused its discretion when it (1) failed to inform defendant or his attorney of certain jury requests for additional information and (2) imposed consecutive rather than concurrent sentences for these offenses.

The parties are familiar with the facts, and we shall note only those necessary for consideration of the issues raised on appeal. On May 18, 1986, Officer Michael McAlevy of the Carpentersville police department responded to a burglar alarm which had been activated at the Century Electronics store. Upon arriving at the store, McAlevy noticed a vehicle, which he described as an older model with dark green coloring, traveling slowly along the road in front of the store. The vehicle stopped and parked approximately 100 yards from the store, and McAlevy radioed for another officer to check it. An investigation of the store disclosed that the front door had its glass shattered and there was a hole in the store's ceiling. After receiving McAlevy's message, Officer John Terry stopped the vehicle which McAlevy had identified, and defendant was its driver. Terry noticed that defendant had a cut on the bridge of his nose and pieces of glass on his upper body. After defendant was arrested, his car was searched, and the police recovered a two-pound sledgehammer, a large screwdriver, and a packet of white powder which was determined to be cocaine.

Defendant was charged by indictment with the offenses of burglary and unlawful possession of cocaine to which he pleaded not guilty, and the case proceeded to trial. The evidence at trial is not relevant to the issues raised in this appeal, but we consider two notes which the jury submitted to the trial judge after beginning its deliberations. Both the jury's questions to the court and the trial judge's responses were filed in the circuit clerk's office, but the record is silent as to whether or not the judge informed either the State's Attorney or defendant's counsel of their receipt and his response.

In the first note, the jury queried:

"Would there be any reason, legal procedure or otherwise, why Mr. Morelli [defendant's attorney] could not have raised the issue of another person placing the cocaine on the visor?"

The trial judge responded in writing: "I can't explain or question the strategy of the attorney for the defendant!" The second note asked:

"Could we possibly know—date (How long from arrest B-4 indicted—and possible to get results from same?"

The trial judge answered in writing: "Please review the issue instruction which contains the charge. The date of arrest was May 18th. The date of indictment was June 10th. Remember the grand jury only meets two times per month. Defendant was charged by information on the 18th."

The jury subsequently returned verdicts of guilty as to each charge and on January 20, 1987, defendant was sentenced to the consecutive terms of imprisonment and probation earlier noted, and he appeals.

Defendant contends first that the trial court's failure to inform him or his attorney of the questions submitted to the court by the jurors during deliberations was an abuse of discretion. The State responds that defendant has waived this issue because he failed to object during trial or raise it in a post-trial motion. Defendant requests that we consider the issue as plain error under Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)).

■ Generally, a defendant's failure to raise a claim of error both during trial and in a post-trial motion constitutes a waiver of that issue on review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129; see *People v. Tansil* (1985), 137 Ill. App. 3d 498, 499, 484 N.E.2d 1169, 1171; *People v. Sanders* (1984), 127 Ill. App. 3d 471, 474, 469 N.E.2d 287, 290.) By virtue of Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)), however, this court may take notice of plain errors or defects affecting substantial rights which were not

brought to the trial court's attention. *People v. Gacho* (1988), 122 Ill. 2d 221, 239, 522 N.E.2d 1146, 1154.

In similar cases which have applied the waiver rule, either the defendant or his attorney has had knowledge of the court's communication with the jury at the time of the inquiry (*People v. Patterson* (1987), 163 Ill. App. 3d 370, 373, 516 N.E.2d 642, 644), when the jury's verdict was returned (*People v. Jones* (1976), 40 Ill. App. 3d 771, 773, 353 N.E.2d 79, 81), or at the time of argument on the post-trial motion (*People v. Palmer* (1982), 111 Ill. App. 3d 800, 805-07, 444 N.E.2d 678, 682-83). By contrast, in cases where defendant and his attorney were never informed of the court's communication with the jury during its deliberation, courts have found it to be plain error which substantially affects a defendant's right to a fair trial. See, *e.g., Tansil*, 137 Ill. App. 3d at 500, 484 N.E.2d at 1171; *People v. Briggman* (1974), 21 Ill. App. 3d 747, 750-51, 316 N.E.2d 121, 124-25.

■ Here, although the jury's questions to the court were filed in the circuit court clerk's office on September 24, 1986, the record does not establish whether defendant or his attorney ever became aware of the jury's inquiries before the post-trial proceedings were completed on December 16, 1986. Inasmuch as the trial judge's communication outside defendant's presence could have affected his right to a fair trial (*Tansil*, 137 Ill. App. 3d at 500, 484 N.E.2d at 1171), we elect to review the issue under the plain-error doctrine. See 107 Ill. 2d R. 615(a).

■ An accused has a constitutional right to be present at all stages of the trial involving his substantial rights (*People v. Pierce* (1974), 56 Ill. 2d 361, 365, 308 N.E.2d 577, 579), which includes the right to be present during communications between the court and jury (*People v. Rhoden* (1981), 101 Ill. App. 3d 223, 226, 427 N.E.2d 1292, 1294). Where a defendant or his counsel is absent during such a communication, however, the defendant must demonstrate that he suffered prejudice as a result of the communication for the error to require reversal. (*Tansil*, 137 Ill. App. 3d at 501, 484 N.E.2d at 1172.) To establish prejudice, the defendant must show that the court's communication with the jury affected the deliberative process. *Tansil*, 137 Ill. App. 3d at 501, 484 N.E.2d at 1172-73.

■ When the jury poses a question to the court, the court is obligated to respond to the query with sufficient specificity to clarify the jury's problem. (*People v. Caballero* (1984), 102 Ill. 2d 23, 42, 464 N.E.2d 223, 232.) The trial court may, however, in the proper exercise of its discretion, decline to answer the jury's inquiries where the

instructions given are readily understandable and sufficiently explain the relevant law. *Palmer*, 111 Ill. App. 3d at 807, 444 N.E.2d at 683.

In the case at bar, defendant has failed to show that the trial court's responses to the jury's queries affected the deliberative process such that he was prejudiced.

■ In its first note to the court, the jury asked why defendant's attorney failed to raise the theory that someone else might have placed cocaine in the visor of defendant's vehicle. It would appear that the jury had been given instructions somewhat relevant to the question: first, it was instructed that the defendant is presumed innocent, that the presumption of innocence remains with the defendant throughout the trial, and that the State has the burden of proving the defendant guilty beyond a reasonable doubt; second, the jury was instructed that defendant's failure to testify should not be considered by it in arriving at its verdict. These instructions were readily understandable and sufficiently explained the law which was relevant to the jury's question. From its question, the jury seemed unsure as to the strategy which defendant's attorney employed at trial. Appropriately, the trial court declined to comment on defense counsel's strategy because such comment may have influenced the jury's verdict. Although the trial court could have referred the jury to the specific instructions applicable, as defendant suggests, the court was not obligated to do so under the facts of this case. We conclude that the trial court did not abuse its discretion in answering the jury's query.

■ In its second note to the court, the jury wanted to know when defendant was indicted and arrested, and if it could have the "results" from the grand jury proceedings. The jury had received an instruction which stated:

> "The indictment in this case is the formal method of accusing the defendant of an offense and placing him on trial. It is not any evidence against the defendant and does not create any inference of guilt."

In its response to the jury's question, the trial court told the jury to review the instruction containing the charge and also related the dates of arrest and indictment. Although it was unnecessary for the trial court to explain when the grand jury met, this exchange, taken in its entirety, caused no prejudice to defendant, and we reject his argument that the court's response had "the effect of adding the imprimatur of the grand jury indictments to the jury's deliberations."

Although reversal is not here required, this opinion should not be considered as condoning the practice by a court of communicating with a jury in the absence of a defendant or his attorney and the

State's Attorney. The correct approach would have been for the trial court to consult with defense counsel and the State before responding to the jury's questions. It is possible the court did so in this case, but the matter is not shown in the record.

█ In his second contention, defendant argues that the trial court's imposition of a 30-month term of probation for unlawful possession of drugs to be served consecutively with the nine-year term imposed for burglary was improper under the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1001—1—1 *et seq.*) and under our decision in *People v. Mack* (1985), 133 Ill. App. 3d 788, 479 N.E.2d 445. Although defendant did not object to the imposition of a consecutive term of probation at his sentencing hearing, we elect to address the sentencing issue presented in this appeal under the plain-error doctrine (107 Ill. 2d R. 615(a)), as the imposition of an unauthorized sentence affects substantial rights. See, *e.g.*, *People v. Harrison* (1987), 156 Ill. App. 3d 39, 41-42, 508 N.E.2d 1226; *People v. Campos* (1987), 155 Ill. App. 3d 348, 361, 507 N.E.2d 1342, 1350.

█ Generally, penal statutes should be strictly construed and not extended to cases which do not come under their provisions. (*Mack*, 133 Ill. App. 3d at 794, 479 N.E.2d at 450.) In *Mack*, the defendant was sentenced to concurrent four-year terms of imprisonment for two offenses of taking indecent liberties with a child. (*Mack*, 133 Ill. App. 3d at 789, 479 N.E.2d at 446.) This court determined that a sentence of probation for a separate offense which is to be served consecutively to a sentence of imprisonment is not authorized under the Code. *Mack*, 133 Ill. App. 3d at 794, 479 N.E.2d at 449.

The State urges us to reconsider our decision in *Mack* because of section 5—5—3(b) of the Code, which provides:

"(b) The following options shall be appropriate dispositions, alone or in combination, for all felonies and misdemeanors other than those identified in subsection (c) of this Section:

(1) A period of probation;

(2) A term of periodic imprisonment;

(3) A term of conditional discharge;

(4) A term of imprisonment \*\*\*." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(b).)

The State argues that section 5—5—3(b), which was not considered in *Mack*, justifies the imposition of a consecutive term of probation following a sentence of imprisonment.

█ We decline the State's request to reconsider our decision in *Mack*. Section 5—8—4 of the Code (Ill. Rev. Stat. 1987, ch. 38, par.

1005—8—4) sets forth the conditions under which a defendant may be sentenced to a consecutive term, and we followed section 5—8—4 in reaching our decision in *Mack*. The law does not permit the enhancement of a penalty without a clear indication of a legislative intent to accomplish that result, and ambiguity in any statute which suggests the enhancement of a penalty requires the application of a rule of lenity and a strict statutory construction in the defendant's favor. (*Mack*, 133 Ill. App. 3d at 794, 479 N.E.2d at 450.) We determine that the legislature did not intend for section 5—5—3(b) to provide for a sentence of probation to be served consecutively with a term of imprisonment when that specific sentencing scheme is not available under section 5—8—4. Consequently, pursuant to our authority under Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)), we modify the sentence of a 30-month term of probation in the present case to provide that it will be served concurrently with the sentence of imprisonment.

Finally, we note that defendant did ask the trial court to impose a consecutive term of probation to be served after a term of imprisonment so that he could free himself of his drug dependency. The State suggests that defendant, having received the sentence which he requested, cannot now complain that the sentence which the court imposed was unjust. Despite the fact that defendant asked the trial court to impose the consecutive sentence, the court was obligated to impose a sentence authorized by the Unified Code of Corrections.

Accordingly, the judgment of the circuit court is affirmed, as modified, and a corrected mittimus will be issued by the trial court.

Affirmed as modified.

INGLIS and UNVERZAGT, JJ., concur.