No. 3--96--0055

_________________________________________________________________

                             IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 1996

THE PEOPLE OF THE STATE          )  Appeal from the Circuit Court

OF ILLINOIS,                     )  of the 10th Judicial Circuit,

                                 )  Tazewell County, Illinois

     Plaintiff-Appellee,         )

                                 )

     v.                          )  No. 95--CF--200

                                 )

ADRIAN K. WILLIAMS,              )  Honorable

                                 )  Robert Cashen,

     Defendant-Appellant.        )  Judge Presiding

________________________________________________________________

PRESIDING JUSTICE HOLDRIDGE DELIVERED THE OPINION OF THE COURT:

________________________________________________________________

     Defendant Adrian K. Williams pleaded guilty to retail theft,

a Class 3 felony (720 ILCS 5/16(A)--3(a), 10(3) (West 1994)).  In

exchange for the plea, the State agreed to a sentencing cap of

seven years in the Department of Corrections (DOC) and the

dismissal of a charge of burglary.  The court accepted

defendant's plea and subsequently sentenced him to a 3-year

prison term, followed by a consecutive, 30-month period of

probation.  On appeal, defendant argues that the trial court

exceeded its sentencing authority.  We affirm. 

                                   FACTS

     Defendant was charged with entering a Radio Shack store in

Pekin, Illinois, and stealing amplifiers.  At the guilty plea

proceedings, the court admonished defendant that his sentence

would be limited to a maximum of seven years' imprisonment. 

Following further admonishments, the court accepted defendant's

plea and ordered a presentencing report.  The report disclosed

that the 28-year-old defendant had numerous convictions for prior

offenses, including burglary, theft, forgery, robbery and retail

theft.  He served prison terms for the last two offenses.  He

also has an eight-year history of drug addiction.

     At the sentencing hearing, defense counsel recommended that

the sentence include a period of inpatient drug treatment and

aftercare.  The State recommended a seven-year term of

imprisonment.  The court then sentenced defendant to 3 years in

prison, followed by 40 months of probation with treatment for

drug and alcohol addictions.

     Defendant filed a motion to reconsider sentence on grounds

that the probationary period (1) exceeded the maximum for a Class

3 felony; and (2) could not be imposed consecutive to

imprisonment for the same offense.  Following a hearing, the

court modified the probationary period to 30 months, but denied

defendant's request to vacate probation.

                          DISCUSSION AND ANALYSIS

     On appeal, defendant contends that imprisonment with a

consecutive term of probation is prohibited by section 5--8--4 of

the Unified Code of Corrections (Code) (730 ILCS 5/5--8--4 (West

1994)) where such sentence is imposed for a single offense.  In

so arguing, defendant relies primarily on People v. Patterson,

276 Ill. App. 3d 107, 658 N.E.2d 505 (1995).  In response, the

State argues that the trial court's disposition was appropriate

pursuant to sections 5--5--3(b) and 5--6--2(b) of the Code (730

ILCS 5/5--5--3(b), 6--2(b) (West 1994)).  The State relies on

People v. Wendt, 163 Ill. 2d 346, 645 N.E.2d 179 (1994).

                             1.  The Statutes      

     Section 5--5--3 sets forth allowable sentencing dispositions

and expressly permits the trial court to combine sentencing

options for a single offense:

             "(a) Every person convicted of an offense

          shall be sentenced as provided in this

          Section.

             (b) The following options shall be

          appropriate dispositions, alone or in

          combination, for all felonies and

          misdemeanors other than those identified in

          subsection (c) of this Section:

               (1) A period of probation;

                                   * * *

               (4) A term of imprisonment."

          (Emphasis added.)  730 ILCS 5/5--5--3 (West  

          1994).

     The sections of the Code pertaining to concurrent and

consecutive sentencing neither expressly authorize nor prohibit

imposing prison and probation consecutively.  Section 5--6--2

addresses probation and provides that multiple terms of probation

imposed contemporaneously must run concurrently.  730 ILCS 5/5--

6--2(b) (West 1994).  Section 5--8--4 concerns prison terms and

provides that multiple sentences of imprisonment imposed

contemporaneously may not be consecutive "unless, having regard

to the nature and circumstances of the offense and the history

and character of the defendant, [the court] is of the opinion

that such a term is required to protect the public from further

criminal conduct by the defendant."  730 ILCS 5--8--4(b) (West

1994).

                              2.  The Caselaw

     In People v. Wendt, the defendant was convicted of two Class

1 and two Class 2 felonies.  She was sentenced to concurrent 5-

year sentences for 3 of the offenses and a consecutive, 30-month

period of probation for one of the Class 2 felonies.  On appeal,

she argued that because sections 5--8--4 and 5--6--2(b) did not

expressly authorize consecutive prison-probation sentencing, the

trial court had exceeded its authority.

     The court rejected Wendt's argument.  The court found

express authority for combining the two sentencing options in

section 5--5--3 and no rational basis to preclude imposing them

consecutively.  The court reasoned that if the legislature had

intended to prohibit consecutive prison-probation sentences, it

would have said so in section 5--6--2 or 5--8--4.  Wendt, 163

Ill. 2d at 353-54, 645 N.E.2d at 183.  Neither section prohibits

such sentencing.  Moreover, the court found that the consecutive

probation sentence imposed for Wendt was consistent with criteria

for imposing consecutive prison sentences under section 5--8--4. 

Wendt, 163 Ill. 2d at 355, 645 N.E.2d at 183.  The court further

noted that the consecutive sentences did not increase the penalty

for any of the charges.  Wendt, 163 Ill. 2d at 355, 645 N.E.2d at

183 (overruling People v. Mack, 133 Ill. App. 3d 788, 479 N.E.2d

445 (2nd Dist. 1985)).  

     Finally, the court found that the trial court's sentencing

decision was supported both in the constitutional mandate to

fashion sentences with a goal toward rehabilitation (Ill. Const.

1970, art. I, § 11) and in section 5--6--1(a) of the Code (730

ILCS 5/5--6--1(a) (West 1994)), which emphasizes the goal of

rehabilitation.  Wendt, 163 Ill. 2d at 352, 645 N.E.2d at 182. 

Accordingly, the court affirmed the sentences as imposed.

     Subsequently, in Patterson, the trial court imposed a

consecutive prison-probation sentence for a single offense. 

Rejecting the State's argument that both sentencing options could

be imposed consecutively pursuant to Wendt, the appellate court

confined Wendt to cases involving multiple convictions.  Turning

to the Code, the court observed that there was:

          "nothing in the *** Code *** to prohibit a

          sentence for a single offense that includes

          both imprisonment and probation pursuant to

          section 5--5--3(b)."

However, the court found that section 5--8--4 implicitly

prohibits imposing both sentencing options consecutively for a

single offense.  Without further explanation, the court concluded

that: 

          "[w]hen a defendant is sentenced for a single

          offense, the imposition of consecutive

          sentence options constitutes an unauthorized

          increase in the penalty for such offense." 

          Patterson, 276 Ill. App. 3d at 110, 658

          N.E.2d at 508.

                             3.  Our Analysis

     We cannot subscribe to the rationale or the holding of

Patterson.  In our opinion, sections 5--5--3(b) and 5--6--2(b)

authorize imposing probation consecutive to imprisonment for a

single offense for precisely the same reasons that those sections

authorize such sentencing for multiple offenses.  See Wendt, 163

Ill. 2d at 354, 645 N.E.2d at 183.  Patterson noted that section

5--5--3 allows combining prison and probation for a single

offense but did not find that the two options could run

consecutively.  In reaching its conclusion, the court ignored

Wendt's clear statement that there is no provision in the Code

that prohibits imposing probation consecutive to a simultaneously

imposed term of imprisonment.  Wendt, 163 Ill. 2d at 354, 645

N.E.2d at 183.  As noted in Wendt, section 5--8--4 is entitled,

"Concurrent and consecutive terms of imprisonment."  It is no

more controlling when a prison-probation sentence is imposed for

a single offense than it is when prison-probation sentences are

imposed for multiple offenses.  See Wendt, 163 Ill. 2d at 354-55,

645 N.E.2d at 183. 

     Moreover, we do not agree with Patterson's holding that

imprisonment and a consecutive probationary period necessarily

increases the penalty for a single offense.  Certainly, the

penalty is not increased if, as in this case, both aspects of the

sentence can be served within the maximum authorized term of

imprisonment.  Cf. Fitzsimmons v. Norgle, 104 Ill. 2d 369, 472

N.E.2d 802 (1984); see also Wendt, 163 Ill. 2d at 355, 645 N.E.2d

at 183-84. 

     In an appropriate case, a prison-probation sentence may be

the most effective way of addressing the dual sentencing goals of

rehabilitating the defendant while still protecting society from

his criminal conduct.  See People v. Wendt, 245 Ill. App. 3d at

444-45, 613 N.E.2d at 835-36.  Particularly where, as here, the

defendant faces a potentially lengthy prison sentence and

probation alone would be inconsistent with the ends of justice,

we see no reason why the court may not impose the sentencing

options consecutively for an aggregate period within the maximum

allowable prison term for the offense.  Accordingly, we reject

Patterson and conclude that the trial court did not exceed its

authority in sentencing defendant to imprisonment with a

consecutive period of probation.  See Wendt, 163 Ill. 2d at 355,

645 N.E.2d at 183.

     Defendant also argues that he is entitled to relief from 

probation because he was not admonished of the possibility of

consecutive sentencing options pursuant to Supreme Court Rule

402(a)(2) (134 Ill. 2d R. 402(a)(2)).  This point is not well

taken. 

     First, defendant waived any defect in the Rule 402

admonishments by failing to move to withdraw his guilty plea. 

People v. Clark, 276 Ill. App. 3d 1002, 659 N.E.2d 421 (1995). 

Moreover, it is well established that Rule 402 requires

substantial, not literal, compliance with the required

admonitions.  People v. McCoy, 74 Ill. 2d 398, 385 N.E.2d 696

(1979).  Where the trial court's failure to explain the

possibility of consecutive sentences does not prejudice the

defendant, he is not entitled to sentencing relief.  People v.

Baker, 133 Ill. App. 3d 620, 479 N.E.2d 372 (1985); see also

People v. Gazelle, 165 Ill. 2d 93, 649 N.E.2d 381 (1995).

     In this case, the period of defendant's aggregate sentence

falls well within the prison term cap defendant agreed to when he

pleaded guilty.  Defendant has not shown how he was prejudiced by

the court's failure to admonish him of the possibility of a

disposition composed of two consecutive sentencing options. 

Accordingly, defendant is not entitled to relief from his

sentence.

                                CONCLUSION

     For the reasons stated, we affirm the judgment of the

circuit court of Tazewell County.

     Affirmed.

     McCUSKEY and SLATER, JJ., concurred.