THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY E. DAILEY, Defendant-Appellant.

Fourth District   Nos. 4—89—0098, 4—89—0099 cons.

Opinion filed September 19, 1989.

Daniel D. Yuhas and David P. Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Tony Lee, State's Attorney, of Paxton (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On August 16, 1988, the circuit court of Ford County entered judgment on a jury verdict returned in case No. 88—CF—5 finding defendant Jeffrey E. Dailey guilty of the offense of battery. (Ill. Rev. Stat. 1987, ch. 38, par. 12—3.) On October 19, 1988, the court similarly entered judgment in case No. 88—CF—22 when the jury returned verdicts finding defendant guilty of the offenses of aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)), theft (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)), and resisting arrest (Ill. Rev. Stat. 1987, ch. 38, par. 31—1). The court later vacated the conviction for resisting arrest. Following a consolidated sentencing hearing in these cases, on November 29, 1988, the court sentenced defendant to a term of 364 days' imprisonment in case No. 88—CF—5 and to a term of 30 months' probation in case No. 88—CF—22, the latter sentence to be served consecutive to the sentence of imprisonment imposed in No. 88—CF—5.

Defendant now appeals in case No. 88—CF—5, contending: (1) he was denied his right to a fair trial when the court failed to give its own definitional instruction on self-defense after it had agreed to do so; and (2) the court committed reversible error in submitting its own issues instruction on battery which misstated the State's burden of proof for that offense.

Defendant also appeals in case No. 88—CF—22 (No. 4—89—0099). There, he claims the court erred in (1) refusing his instruction concerning self-defense; and (2) ordering his term of probation to be served consecutive to the term of incarceration imposed in No. 88—CF—5. We reverse both cases and remand them for a new trial.

In case No. 88—CF—5 (No. 4—89—0098), the evidence showed defendant approached a local bank president, Dennis Smith, in a bar in Piper City in order to discuss his dissatisfaction with the service he had been receiving from that bank. While several witnesses testified the conversation between the two men was not terribly heated at that

time, Smith said he suggested to defendant it would be better if they had their discussion at the bank at a later point in time.

Defendant left the bar first, and he and his brother-in-law "just rode around town." As Smith was leaving the bar later that evening, defendant passed by the bar and saw him. Defendant said he stopped his car and told Smith he needed to talk to him. Defendant claimed that, after some conversation, Smith tried to strike him in the face but missed him and hit him in the shoulder. Defendant said he then hit Smith three times in the face. Smith said defendant knocked him down and inflicted several blows to his face as he was getting out of his car. Smith said he did not "take any punches" at the defendant that evening.

During the instructions conference held following the presentation of the evidence, the defendant tendered the following self-defense instruction:

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force."

(See Illinois Pattern Jury Instructions, Criminal, No. 24—25.06 (2d ed. 1981) (IPI Criminal 2d).) The State indicated it had no objection with that instruction so long as the following language was added to it:

"However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another."

(See IPI Criminal 2d No. 24—25.06.) The court reasoned that, because the jury could believe defendant's version of what had happened, it would give defendant's tendered instruction with the additional language recommended by the State as a court instruction.

However, in delivering the instructions to the jury for deliberations, the court failed to tender that definitional instruction concerning self-defense. Although defendant did not raise this error during trial or in any post-trial motion, he claims the court's failure to give this essential instruction constituted plain error and denied him his right to a fair trial. We agree.

■ We initially note the court's issues instructions for the offenses of battery and aggravated battery did contain an element that "defendant was not justified in using the force which he used." (See IPI Criminal 2d Nos. 11.06, 11.08.) Moreover, defendant did highlight his position of self-defense during his own testimony and during closing arguments. However, we conclude this was insufficient to cure the error which occurred.

The instant case is similar to *People v. Wilson* (1976), 43 Ill. App. 3d 583, 357 N.E.2d 81. There, the court agreed to to give defendant's proffered jury instruction regarding a jury's limited use of evidence of a previous conviction after the State introduced a record of his prior conviction for burglary during rebuttal. (IPI Criminal No. 3.13 (1968).) However, the court failed to read that instruction to the jury, and the record failed to affirmatively show whether that specific instruction was included with the written instructions given to the jury.

In *Wilson*, as here, defendant failed to raise the error in a post-trial motion. In addition, other jury instructions were given, and arguments made, which related to the specific issue in question. However, on appeal, the appellate court concluded defendant had not waived the issue by failing to raise it, and the failure of the court to give the requested instruction denied defendant a fair trial. We reach the same conclusion here.

Defendant further contends the court committed reversible error when it gave the following instruction to the jury:

"To sustain the charge of battery, the State must prove the following proposition:

First: that the defendant knowingly and intentionally caused bodily harm to [the victim].

Second: that the defendant was not justified in using the force which he used.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that *each one* of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." (Emphasis added.)

▇ Clearly, the language quoted above misstates the State's burden of proof, for a defendant should be found not guilty if the State fails to prove *any one* of the propositions stated. (See IPI Criminal 2d No. 27.01.) The record here contains several corrected copies of this particular instruction, however, and uncertainty exists in the record as to whether the jury actually received an accurate, corrected or an inaccurate, uncorrected copy of that instruction. We need not decide that issue here because we reverse this cause based upon the first issue raised by defendant. However, we note this error would have been a further grounds for reversal had such uncertainty not appeared in the record.

We next turn to the contentions raised by defendant in case No.

88—CF—22. There, the evidence showed defendant went to talk to Richard Hitchens, a captain of the Piper City Volunteer Fire Department, after his car caught on fire, and the fire department extinguished it. Defendant said that, when he arrived at the station, several firemen were standing outside drinking beer. Defendant stated he asked one of the men if he could have some of his beer, but that request was denied. Defendant said he then asked if there was any beer left inside, and the men told him they did not know.

Defendant testified he went inside the firehouse and got a can of beer out of the refrigerator. He said he had drunk beer at the fire station in the past, although Hitchens' testimony indicated he knew of no instance where persons other than firemen had gotten beverages out of the refrigerator. Defendant further said that, when he returned outside, an unidentified assailant knocked him to the ground and began fighting with him. Defendant indicated Audrie Haskins, the chief of police and a volunteer fireman, soon joined the fight and began striking him. Defendant admitted he threw two punches which made contact with Haskins, but he could not remember whether he kicked Haskins. Defendant said he did not know Haskins' identity during the course of the fight because he was dressed in plain clothes, but defendant later realized Haskins was a police officer as he, defendant, got on his bicycle and started to ride away.

Haskins testified several firemen were outside the firehouse drinking beer when defendant rode up on his bicycle and asked if he could have a beer. Haskins said one of the firemen told him he could not have one. Defendant then proceeded inside the firehouse and got a beer from the station refrigerator. Haskins said someone asked him to stop defendant, so he went inside the station and told defendant to return the beer to the refrigerator. He stated defendant shoved him and went outside. He followed defendant and attempted to grab the beer from him. Haskins said defendant then threw the beer at him and began fighting with him. Haskins later attempted to arrest the defendant. Several witnesses to the fight corroborated Haskins' testimony.

During the jury instructions conference, defendant tendered to the court several instructions concerning self-defense. The trial court refused those instructions, however, because: (1) defendant said he did not know whether he had hit Haskins; (2) no evidence of use of excessive force by a police officer existed; and (3) defendant provoked the use of force against himself. Defendant contends the court erred in refusing those instructions because defendant did, in fact, remember hitting Haskins and only could not recall whether he had kicked him

in the groin. He further argues Haskins did use excessive force in attempting to arrest him, and defendant's testimony suggested he did not provoke the use of force against himself.

■■ Here, comments made by the court in refusing the proffered instructions indicated it found the evidence offered in support of defendant's theory of self-defense of doubtful credibility and that defendant actually provoked the use of force against him. However, the credibility of witnesses can only be resolved by the jury and not by the trial court. *People v. Brooks* (1985), 130 Ill. App. 3d 747, 474 N.E.2d 1287.

■■ ■ A defendant is entitled to have a jury consider his claim of the justifiable use of force where that defense has *some* foundation in the evidence. This is true even where the evidence concerning that theory is very slight, inconsistent, or of doubtful credibility. (*People v. Rodriguez* (1981), 96 Ill. App. 3d 431, 421 N.E.2d 323.) While evidence concerning defendant's theory of self-defense here is admittedly very slight, we must conclude it was sufficient to warrant giving the self-defense instructions tendered by defendant. The jury could have believed under the circumstances presented that defendant possessed a subjective, reasonable belief it was necessary to use force in order to avert danger to himself.

■■ We also note the court erred in ordering defendant's sentence of 30 months' probation in case No. 88—CF—22 to be served consecutive to the 364-day sentence he received in case No. 88—CF—5. This type of sentence is unauthorized under both *People v. Mack* (1985), 133 Ill. App. 3d 788, 479 N.E.2d 445, and *People v. Lowery* (1988), 177 Ill. App. 3d 639, 532 N.E.2d 414. Under the circumstances, those sentences could only have been served concurrently.

For the reasons stated, the judgments of the circuit court in case Nos. 88—CF—5 and 88—CF—22 are hereby reversed and the causes are remanded to the court for new trials.

Reversed and remanded.

SPITZ and STEIGMANN, JJ., concur.