THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALESIA JOHNSON WENDT, Defendant-Appellant.

Fifth District    No. 5—92—0221

Opinion filed May 18, 1993.

L. Stanton Dotson, of Mattoon, for appellant.

Kevin Parker, State's Attorney, of Effingham (Norbert J. Goetten, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

## SUPPLEMENTAL OPINION ON REHEARING

JUSTICE LEWIS delivered the opinion of the court:

This court previously issued a Rule 23 order (134 Ill. 2d R. 23) in this cause but then granted a petition for a rehearing because of the importance of an issue first raised in the petition for rehearing. We will not discuss the issues originally raised in this appeal, which were covered by the Rule 23 order. Instead, we will limit our comments to the propriety of imposing a sentence of probation consecutive to a sentence of imprisonment.

Defendant, Alesia Johnson Wendt, was charged with one count of unlawful possession of cannabis with intent to deliver, a Class 3 felony, and one count of unlawful possession of a controlled substance with intent to deliver, a Class 1 felony, in Effingham County case No. 90—CF—82. In Nos. 90—CF—129, 130, and 132, she was charged with single counts of unlawful possession with intent to deliver a controlled substance, all Class 1 felonies. The cases were consolidated in the course of plea negotiations. Defendant then entered negotiated pleas of guilty to two Class 1 felonies and two Class 2 felonies (No. 90—CF—129 and count II of No. 90—CF—82 were reduced to Class 2 felonies). The State, in addition to dismissing some other charges, also agreed not to request more than five years of total incarceration. The State recommended concurrent five-year terms of imprisonment in case Nos. 90—CF—82, 130, and 132 and a consecutive 30-month period of probation on the Class 2 felony in case No. 90—CF—129. The

sentences were conditioned upon defendant's payment of a $500 contribution to the Southeastern Illinois Drug Task Force, a $675 fine, representing the street value of the controlled substance, and court costs. The court followed the State's recommendation.

Defendant raised several issues on appeal, which were disposed of, as we indicated, in the Rule 23 order. The issue addressed in this opinion is whether a judge can impose a sentence of probation to run consecutively to a term of imprisonment under the Unified Code of Corrections. Ill. Rev. Stat. 1989, ch. 38, par. 1005—1—1 *et seq.* (now 730 ILCS 5/5—1—1 *et seq.* (West 1992)).

The State objects to defendant's petition for rehearing because it raises for the first time, in violation of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)), the lack of authority of the trial court to impose a consecutive sentence of probation. The defendant did object to the sentence on other grounds in her original brief and now claims the sentence to be "plain error." Although we could dispose of this case on the waiver and "plain error" issues, we find it to be more appropriate to decide the issue of the authority of a judge to impose a consecutive sentence of probation.

One of the first cases involving a sentence of probation to run consecutively to another sentence arose in this court in *People v. Gischer* (1977), 51 Ill. App. 3d 847, 366 N.E.2d 521. In *Gischer* the defendant was sentenced to a term of probation to run consecutively to an earlier-imposed sentence of probation. The majority of the court specifically rejected defendant's position that the legislature's silence on the imposition of consecutive probation sentences meant that consecutive sentences of probation imposed at different times were prohibited. The court construed sections 5—8—4(a) and (b) of the Unified Code of Corrections as permitting, by negative implication, a sentence to a consecutive term of probation imposed at a different time, since section 5—6—2(b) of the Code specifically required multiple terms of probation imposed at the same time to run concurrently. (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—8—4(a), (b), 1005—6—2(b).) The fourth district followed *Gischer* in *People v. Redman* (1984), 122 Ill. App. 3d 787, 462 N.E.2d 21.

The propriety of a consecutive sentence of probation imposed at a different time or consecutively to a term of imprisonment became a problem when the second district, in *People v. Mack* (1985), 133 Ill. App. 3d 788, 479 N.E.2d 445, followed by *People v. Lowery* (1988), 177 Ill. App. 3d 639, 532 N.E.2d 414, rejected the rulings of the fourth and fifth districts in *Redman* and *Gischer*. *Mack* held that since section 5—8—4 of the Unified Code of Corrections did not spe-

cifically authorize a consecutive sentence of probation, and since the imposition of a consecutive sentence of probation had the effect of increasing the penalty, the rule of lenity and strict construction of the penal statute in favor of the defendant prohibited a sentence of probation from running consecutively to a sentence of imprisonment. The reasoning in *Mack* was based upon the holding in *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 472 N.E.2d 802, which held that section 5—5—3(c)(2)(F) specifically prohibited a judge from sentencing a defendant to probation for burglary, when defendant had a prior burglary conviction under the criminal code while a juvenile. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(2)(F).) The court in *Mack* cited the *dicta* in *Fitzsimmons* that the law does not permit a double enhancement of a penalty without the legislature clearly indicating that it desired to accomplish that result. *Mack*, thereby, educes from the *dicta* of *Fitzsimmons* that a sentence of probation consecutive to a sentence of imprisonment is an increase in the penalty without there being a clear indication of a legislative intent to permit such a consecutive sentence and thus it is prohibited.

The fourth district, however, recognized the need for a consecutive sentence of probation to a term of imprisonment, so it distinguished *Mack* in the case of *People v. Jocelyn* (1989), 181 Ill. App. 3d 774, 537 N.E.2d 1086. In *Jocelyn* the defendant claimed that the trial court erred when it stated that it could not sentence the defendant to a consecutive term of probation for escape. Section 5—8—4(g) of the Unified Code of Corrections requires a sentence for escape to be served consecutively to the term the offender is presently serving. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(g).) The court held that section 5—8—4(g) requires an increased penalty by mandating a consecutive sentence; thus, a consecutive sentence of probation was specifically provided for by the legislature. *Jocelyn* only mentions the holding in *Gischer* but then proceeds to distinguish *Mack* by saying that section 5—8—4(g) mandates an increased penalty, whereas in *Mack* there was no mandate for an increased penalty under the law. The problem with the reasoning in *Jocelyn* is that section 5—8—4(g) does not specifically say that a consecutive sentence of probation is authorized or permissible. Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(g).

The fourth district, after *Jocelyn* and with a different panel than *Redman*, has apparently adopted the holding in *Mack*. In *People v. Dailey* (1989), 188 Ill. App. 3d 683, 544 N.E.2d 449, and *People v. Gerdes* (1990), 196 Ill. App. 3d 133, 553 N.E.2d 108, the fourth district summarily cited and followed *Mack* without mentioning, or ex-

pressly overruling, *Redman* or discussing its distinguishing holding in *Jocelyn.*

We respectfully disagree with our colleagues from the second district and fourth district. The Constitution of 1970, article 1, section 11, requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." We have held that not only must the sentencing court consider the rehabilitative factor, but the court must act on this factor as an objective of the sentence. (*People v. Bigham* (1992), 226 Ill. App. 3d 1041, 590 N.E.2d 115.) It is difficult to see how a sentencing judge can consider and act upon the rehabilitative factor if a sentence of probation is removed as an option in a case where the offender may not be a serious threat to society.

Our legislature has emphasized the rehabilitative factor in the Unified Code of Corrections in section 5—6—1(a) by mandating that *"[e]xcept where specifically prohibited* by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless *** the court is of the opinion that: (1) his imprisonment *** is necessary for the protection of the public; or (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(a) (now 730 ILCS 5/5—6—1(a) (West 1992)).) The Code specifically sets forth in section 5—5—3(c)(2) numerous instances where a sentence of probation is prohibited, none of which specifically prohibit a sentence of probation to be served consecutively to a sentence of imprisonment. Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(2).

The Unified Code of Corrections in section 5—6—2(b) does specifically direct the sentencing judge to make multiple terms of probation imposed at the same time run concurrently. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—2(b).) If the legislature intended to prohibit consecutive sentences of probation in all cases, then the legislature could have easily said so in section 5—6—2(b). However, the legislature carefully and specifically prohibited consecutive terms of probation in a very limited situation. By negative implication, as this court held in *Gischer*, it appears that consecutive terms of probation in all other instances except those enumerated in sections 5—6—2(b) and 5—5—3(c)(2) are authorized.

Further, the legislature in section 5—5—3 clearly sets forth allowable dispositions:

> "Disposition. (a) Every person convicted of an offense shall be sentenced as provided in this Section.

(b) The following options shall be appropriate dispositions, *alone or in combination,* for all felonies and misdemeanors other than those identified in subsection (c) of this Section:

(1) A period of probation; [or]

* * *

(4) A term of imprisonment."

(Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—5—3(a), (b).)

Therefore, section 5—5—3(b) of the Unified Code of Corrections does not specifically prohibit a combination of a sentence of probation with a sentence of imprisonment or a consecutive sentence of probation with a sentence of imprisonment. In fact, section 5—5—3(b) should be construed as specifically providing for the imposition of a consecutive sentence of probation to a term of imprisonment.

In addition, in examining section 5—8—4 of the Unified Code of Corrections, we cannot find any specific prohibition which disallows a sentence of probation to run consecutively to any other sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4.) In section 5—8—4(b), the legislature provided: "The court shall not impose a consecutive sentence except as provided for in subsection (a) *unless,* having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(b).) We take note that the legislature never uses the term "imprisonment" in this section. Further, a sentence of probation is a means of protection of the public from further criminal conduct, because a probation officer (assuming our probation system is properly working) would be supervising the offender to ensure that the offender is not drinking, doping, missing counseling sessions, missing curfew, associating with other offenders, etc. Thus it would appear that section 5—8—4(b) implicitly empowers the court to sentence a defendant to a term of probation consecutive to a term of imprisonment, if the court finds that such a term is required to protect the public. We fail to see how the concept of "consecutive sentence" in section 5—8—4(b) excludes probation, since, according to *Jocelyn,* the concept of "consecutive sentence" in sections 5—8—4(g), (h), and (i) includes probation.

If one reads sections 5—8—4(a) and (b) carefully and literally, they do not specifically say that a consecutive sentence of imprisonment is an authorized disposition. Section 5—8—4(a) only says that the sentences of imprisonment, when imposed, shall run concurrently or con-

secutively, as determined by the court, and section 5—8—4(b) only says that a consecutive sentence shall not be imposed unless the judge is of the opinion that the sentence is required to protect the public. In fact, nowhere in the Unified Code of Corrections does it say specifically that consecutive terms of imprisonment are authorized. The authority to impose a sentence of imprisonment comes from section 5—5—3(b), the same section that allows a disposition of probation, and the authority to impose a consecutive term of imprisonment is derived from the same words applying to probation, "alone or in combination." Why should different rules and a different construction of the same phrase apply to the availability of a consecutive sentence of probation than apply to a consecutive sentence of imprisonment?

The argument is made in *Mack* that a consecutive sentence of probation is an enhancement of a sentence or an increase in penalty. If a consecutive sentence of probation is disallowed, then the sentencing judge has two choices. First, the judge can forgo imposing any meaningful sentence by making the sentence concurrent with the earlier sentence. Second, the judge could impose a consecutive sentence of imprisonment. It would appear that if a consecutive sentence of probation is disallowed, then the trial judge in this situation has only one meaningful sentencing option, and that is a consecutive term of imprisonment. As a practical matter, are we not encouraging the sentencing judge to choose consecutive terms of imprisonment, even though the judge might be willing to forgo further imprisonment of the offender, if the judge could be assured of close supervision over defendant after defendant is released from the penitentiary?

In *People v. Sweeney* (1990), 200 Ill. App. 3d 218, 558 N.E.2d 622, the defendant was requesting this "enhanced penalty" of a consecutive sentence of probation over a consecutive sentence of imprisonment. If given a choice between consecutive terms of imprisonment and a term of probation to be served consecutive to a term of imprisonment, we suspect that most offenders would choose the latter.

In the case *sub judice*, would the sentencing judge and the State's Attorney have been so willing to agree to give this drug dealer and user with multiple convictions a five-year term of imprisonment if they had known that a consecutive term of probation was not available?

We are aware that the Illinois prisons are overcrowded, that the recidivism rate of ex-convicts is higher than other offenders, and that our parole supervision is practically nonexistent. (See Bamonte & Peters, *The Parole Revocation Process in Illinois*, 24 Loy. U. Chi. L.J. 211 (1993).) The availability of a consecutive sentence of probation

may allow the sentencing judge to fashion a sentence that is aimed toward treatment and rehabilitation rather than pure punishment or short-term protection of society. Society might benefit more in some cases by attempting to rehabilitate the offender by a sentence of probation consecutive to a sentence of imprisonment than by consecutive sentences of imprisonment. It may be that a sentencing judge would impose a shorter term of imprisonment, if the judge knew that the offender would be supervised upon release by a probation officer. The emphasis of the justice system should be in finding better ways to rehabilitate offenders and not in creating artificial, technical restrictions on the judge's sentencing powers. Where restrictions on the judge's sentencing alternatives are needed, the legislature should clearly define the extent of those restrictions. Any doubt as to the parameters of the restrictions in sentencing should be resolved in favor of granting greater discretion to our courts.

Our legislature has clearly set forth that probation is an authorized sentence, that probation is the preferred sentence, that probation can be imposed in combination with a sentence of imprisonment, and that probation can be imposed consecutively when the judge is of the opinion that such a term is required to protect the public from further criminal conduct. There is no logical or compelling reason for the courts to create an unwarranted prohibition against the use of consecutive sentences of probation as a tool to be used in an attempt to rehabilitate the offender and to protect society from further criminal conduct.

For the reasons set forth, we decline to distinguish or overrule *Gischer*; we affirm the sentence of the trial court.

Affirmed.

CHAPMAN, P.J., and RARICK, J., concur.