(No. 75622.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALESIA JOHNSON WENDT, Appellant.

*Opinion filed December 22, 1994.*

L. Stanton Dotson, of Mattoon, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Kevin Parker, State's Attorney, of Effingham (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Bradley P. Halloran, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

On October 4, 1990, defendant, Alesia Johnson Wendt, entered a negotiated plea of guilty in the circuit court of Effingham County to four felony drug charges. She was subsequently sentenced to three concurrent five-year terms of imprisonment for three of the offenses and to a consecutive 30-month period of probation for the remaining offense. Defendant appealed her sentence, and the appellate court affirmed. (No. 5—92—0221 (unpublished order under Supreme Court Rule 23).) The appellate court then granted defendant's petition for rehearing to address whether a defendant sentenced to a term of imprisonment may also be sentenced to a consecutive period of probation. The court found that the sentence was authorized and again affirmed defendant's sentence. (245 Ill. App. 3d 440.) We allowed defendant's petition for leave to appeal (145 Ill. 2d R. 315(a)) and now affirm the judgment of the appellate court. The primary issue on appeal is whether under the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—1—1 *et seq.*) a court may impose a sentence of probation to be served consecutively to a simultaneously imposed sentence of imprisonment.

## FACTS

On June 20, 1990, defendant was charged by indictment in the circuit court of Effingham County in case No. 90—CF—82 with one count of unlawful possession of cannabis with intent to deliver (count I) (Ill. Rev. Stat. 1989, ch. 56$\frac{1}{2}$, par. 705(d)) and one count of unlawful possession of a controlled substance with intent to deliver (count II) (Ill. Rev. Stat. 1989, ch. 56$\frac{1}{2}$, par. 1401(b)(2)). On July 17, 1990, defendant was additionally charged by information in case Nos. 90—CF—129, 90—CF—130, and 90—CF—132 with single counts of unlawful possession of a controlled substance

with intent to deliver (Ill. Rev. Stat. 1989, ch. 56$^1$/$_2$, par. 1401(b)(2)). The cases were consolidated during plea negotiations, and defendant later entered negotiated guilty pleas to two Class 1 felonies (case Nos. 90—CF—130 and 90—CF—132) and two Class 2 felonies (case No. 90—CF—129 and count II in case No. 90—CF—82).

In exchange for defendant's guilty pleas, the remaining charges against defendant were dismissed. The State also agreed not to request a sentence of more than a total of five years in the Department of Corrections. At the sentencing hearing, the State recommended that defendant be sentenced to concurrent five-year terms of imprisonment in case Nos. 90—CF—82, 90—CF—130, and 90—CF—132 and to a consecutive 30-month period of probation in case No. 90—CF—129. The sentence of probation was conditioned on defendant (1) contributing $500 to the Southeastern Illinois Drug Task Force, (2) paying a $675 fine, representing the street value of the controlled substance, (3) paying a $250 fine plus court costs, and (4) submitting to an evaluation upon her release from the Department of Corrections, and then engaging in any counseling recommended. The court followed the State's recommendation.

Defendant appealed her sentence, arguing (1) that the State's Attorney violated the negotiated plea agreement by recommending a 30-month period of probation to be served consecutively to the sentences of imprisonment; (2) that her constitutional rights were violated because she was the subject of selective prosecution; (3) that her sentence was excessive in view of her first-offender status; and (4) that the court erred by failing to admonish her of the availability of alternative treatment for drug addicts under the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1991, ch. 111$^1$/$_2$, par. 6351—1 *et seq.*). Defendant sought a reduction in sentence to three years' probation and drug

counseling. The appellate court affirmed defendant's convictions and sentences. No. 5—92—0221 (unpublished order under Supreme Court Rule 23).

Following the issuance of the Rule 23 order (134 Ill. 2d R. 23), the appellate court granted defendant's petition for rehearing to address the sole issue of the propriety of imposing a sentence of probation to be served consecutively to a term of imprisonment. Although this issue was raised for the first time in the petition for rehearing, the appellate court found that deciding the issue was more appropriate than disposing of it on grounds of waiver. (245 Ill. App. 3d at 442.) The appellate court then affirmed defendant's sentence, finding that the Code authorized the court to impose a sentence of probation consecutive to a term of imprisonment. (245 Ill. App. 3d at 444-47.) Defendant petitioned this court for leave to appeal, arguing that no statutory provision authorizes such a sentence. We allowed defendant's petition for leave to appeal (134 Ill. 2d R. 315(a)) and, for the reasons that follow, affirm the judgment of the appellate court.

## DISCUSSION

### A. Waiver

Before addressing the primary issue on appeal, we must first address the State's waiver argument. The State initially argues that defendant has waived the right to challenge the propriety of imposing a sentence of probation to be served consecutively to a sentence of imprisonment for failure to raise the issue in her original appeal to the appellate court. As previously noted, defendant raised this issue for the first time in her petition for rehearing in the appellate court. The appellate court chose to address the issue rather than disposing of it on grounds of waiver and decided the question against defendant.

Generally, points not raised or argued in an opening appellate brief are waived. (See 134 Ill. 2d R. 341(e)(7).) Consequently, even though the appellate court addressed the issue, it may still be considered waived. (*People v. Pecor* (1992), 153 Ill. 2d 109, 116; *People v. Hicks* (1984), 101 Ill. 2d 366, 371.) However, because a conflict exists within the appellate court as to whether a court may impose a sentence of probation to be served consecutively to a term of imprisonment, we choose to address the issue at this time. See *American Federation of State, County & Municipal Employees, Council 31 v. County of Cook* (1991), 145 Ill. 2d 475, 480 (a reviewing court may consider issues not properly preserved for review to achieve a just result and for the maintenance of a sound and uniform body of precedent).

### B. Consecutive Sentence of Probation

The question before us is whether the imposition of a sentence of probation to be served consecutively to a simultaneously imposed term of imprisonment is authorized under the Code.

Relying primarily on *People v. Mack* (1985), 133 Ill. App. 3d 788, and *People v. Dailey* (1989), 188 Ill. App. 3d 683, defendant argues that a court is not authorized to impose a sentence of probation to be served consecutively to a period of incarceration. In *Mack*, the appellate court found that a sentence of probation consecutive to a term of imprisonment had the effect of increasing the penalty. Citing *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, the court found that the law does not permit the enhancement of a penalty without a clear indication of a legislative intent to accomplish that result. The *Mack* court further held that any ambiguity in a statute calling for the enhancement of a penalty required the application of a rule of lenity and strict construction in favor of the defendant. (*Mack*, 133 Ill. App. 3d at 794.) Because the *Mack* court found that the Code provisions

on sentencing did not expressly authorize a consecutive sentence of probation (Ill. Rev. Stat. 1989, ch. 38, par. 1005—1—1 *et seq.*), it held that the rules of lenity and strict construction precluded a sentence of probation from running consecutively to a term of imprisonment. *Mack*, 133 Ill. App. 3d at 795.

The court in *Dailey* summarily followed the rationale in *Mack*. (*Dailey*, 188 Ill. App. 3d at 688; see also *People v. Lowery* (1988), 177 Ill. App. 3d 639 (reaffirming the decision in *Mack*); *People v. Jocelyn* (1989), 181 Ill. App. 3d 774 (holding that a sentence of probation running consecutively to a term of imprisonment was an available sentencing option following a conviction of escape because the legislature specifically provided for an increased penalty); *People v. Gerdes* (1990), 196 Ill. App. 3d 133 (finding it impermissible to require periodic imprisonment be served consecutive to the sentence of imprisonment); *People v. Sweeney* (1990), 200 Ill. App. 3d 218 (finding a defendant charged with committing a separate felony while on pretrial release could receive a probationary sentence consecutive to incarceration because the legislature provided for an increased penalty).) The appellate court in the present case, however, disagreed with the *Mack* court and found that a consecutive sentence of probation was an allowable sentencing disposition. (See also *People v. Gischer* (1977), 51 Ill. App. 3d 847 (holding that terms of probation not imposed at the same time and not for the same offense may run consecutively to each other).) We agree with the appellate court in the case at bar and find that the Code authorizes such a sentence.

The Illinois Constitution of 1970, article I, section 11, requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, § 11.) A sentencing court

must not only consider rehabilitative factors in imposing a sentence, it must also make rehabilitation an objective of the sentence. (See *People v. Bigham* (1992), 226 Ill. App. 3d 1041, 1049; *People v. Gibbs* (1977), 49 Ill. App. 3d 644, 648.) Rehabilitation has been emphasized in the Code in section 5—6—1(a). (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—1(a).) This section provides:

> "Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:
>
> > (1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or
> >
> > (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—1(a).)

In section 5—5—3(c)(2), the Code specifically sets forth numerous instances in which a period of probation is prohibited. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(2).) None of these instances are applicable to the case before us, nor does section 5—5—3(c)(2) prohibit the imposition of a sentence of probation consecutive to a sentence of imprisonment. Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(2).

In section 5—6—2(b), the Code directs that multiple terms of probation imposed at the same time run concurrently. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—2(b); see also *People v. Motta* (1991), 223 Ill. App. 3d 182, 185.) This section, however, only applies to multiple terms of probation imposed at the same time, not to a term of probation imposed consecutively to a sentence of imprisonment. Had the legislature wanted to prohibit consecutive sentences of probation in all other cases, it could have easily done so in this section. However, the

legislature expressly prohibited consecutive sentences of probation only in a limited situation as set forth in section 5—6—2(b).

In further support of our finding, the legislature, in section 5—5—3 of the Code, set forth allowable dispositions:

> "Disposition. (a) Every person convicted of an offense shall be sentenced as provided in this Section.
>
> (b) The following options shall be appropriate dispositions, alone or in combination, for all felonies and misdemeanors other than those identified in subsection (c) of this Section:
>
> (1) A period of probation;
>
> * * *
>
> (4) A term of imprisonment." (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3(a), (b).)

Rather than prohibiting a combination of a sentence of imprisonment and probation, this section specifically authorizes the imposition of a sentence of probation in combination with a term of imprisonment. Thus, we conclude that section 5—6—2(b), together with section 5—5—3(b), authorizes the imposition of a sentence of probation to be served consecutively to a sentence of imprisonment.

Moreover, we find no provision in the Code which disallows or specifically prohibits the imposition of a sentence of probation to be served consecutively to a simultaneously imposed sentence of imprisonment. In section 5—8—4 of the Code, entitled "Concurrent and consecutive terms of imprisonment," the legislature specified under what circumstances concurrent and consecutive sentences of imprisonment may be imposed. This section provides:

> "The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public

from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).)

While not expressly authorizing a sentence of probation to be served consecutively to a sentence of imprisonment, we find nothing in the language of this section that would prohibit such a sentence. Although section 5—8—4 applies to consecutive terms of imprisonment and is therefore not controlling on the issue presented here, the imposition in this case of a consecutive sentence of probation is consistent with the criteria set forth in that section.

Additionally, the argument was made in *Mack* that a consecutive sentence of probation is an increase in the penalty. We fail to see how a consecutive sentence of probation imposed for a particular offense has the effect of increasing the penalty. In the instant case, defendant was convicted of four drug offenses and was sentenced to three concurrent five-year terms of imprisonment for three of the offenses and to a consecutive sentence of probation for the remaining offense. The sentence of probation was for a separate offense and did not increase the penalty for any of the charges. In fact, the court could have sentenced defendant to a consecutive sentence of imprisonment, consistent with the provisions of section 5—8—4, but did not do so here. Because no increase in penalty occurred, the admonitions in *Fitzsimmons* are inapplicable.

### C. Violation of Plea Agreement

Finally, we note that during oral argument defendant raised the issue of whether the State violated the negotiated plea agreement by recommending defendant be sentenced to a consecutive period of probation and urged that the issue be reviewed under the plain error doctrine. The State responded that the issue was waived for defendant's failure to raise it in her petition for leave

to appeal, submitted in lieu of a brief. In rebuttal, defendant argued that the issue was raised in the petition for leave to appeal and was therefore preserved for review. We disagree.

Defendant cites a single sentence in her brief in support of the contention that the issue of whether the plea agreement was violated was not waived. This sentence in its entirety states: "This case illustrates what can happen when a trial judge adopts the recommendation of a State's Attorney who deceived and/or was unfair to the Defendant, *People v. Mack*, 133 Ill. App. 3d 788, 88 Ill. Dec. 832, 479 N.E.2d 445 (2d Dist. 1985) and *People v. Dailey*, 188 Ill. App. 3d 683, 135 Ill. Dec. 953, 544 N.E.2d 449 (4th Dist. 1989)." We find that this assertion does not adequately raise the issue whether the State violated the negotiated plea agreement. Moreover, even if this issue had been raised by defendant's statement, defendant presents no argument in support of her contention, nor does she cite any relevant authority regarding alleged violations of a negotiated plea agreement. Consequently, defendant has failed to comply with Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) and has therefore waived consideration of the issue on review (see 341 Ill. 2d R. 341(e)(7); see also *Brown v. Tenney* (1988), 125 Ill. 2d 348, 362; *People v. Patterson* (1992), 154 Ill. 2d 414, 454-55). Moreover, unlike the primary issue in this case, the issue whether the negotiated plea agreement was violated does not require us to abandon these waiver principles or suggest that we should. We consider the issue waived. Additionally, we have reviewed the record and find no plain error.

## CONCLUSION

Viewing the Code as a whole, we conclude that a sentence of probation running consecutively to a sentence of imprisonment is an available sentencing

option. Moreover, we find that removing such a sentencing option would unnecessarily restrict courts in fashioning a sentence that is aimed at rehabilitating an offender.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*