FOURTH DIVISION

September 28, 2001

No. 1-99-3950

THE PEOPLE OF THE STATE OF ILLINOIS, )        Appeal from          

)     the Circuit Court

Plaintiff-Appellee, )      of Cook County.

)

v. )      No.  88-CR-9683

)

CINQUE LEWIS, )         Honorable

)     Daniel J. Kelley,

Defendant-Appellant. )      Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Following a jury trial, defendant Cinque Lewis was convicted of murder and armed robbery.  He was sentenced to death on the murder conviction and to a term of 30 years' imprisonment for the armed robbery conviction.  On direct appeal, the supreme court affirmed his convictions and sentence for armed robbery, vacated his death sentence, and remanded for a new death sentencing hearing.  
People v. Lewis
, 165 Ill. 2d 305, 651 N.E.2d 72 (1995).  On remand, defendant was sentenced to a mandatory term of natural life imprisonment due to his prior murder conviction in California pursuant to section 5-8-1(a)(1)(c) of the Unified Code of Corrections.  Ill. Rev. Stat. 1985, ch. 38, par. 1005-8-1(a)(1)(c).  

He now contends that his life sentence was improper where his previous conviction was for second degree murder, where the applicable laws of California and Illinois are not substantially similar, and where the court's alternative basis for his life sentence is unconstitutional.  For the following reasons, we affirm the judgment of the circuit court.

Defendant's current murder conviction arose from the fatal stabbing of Yvonne Donald on November 6, 1985.  The facts surrounding the conviction were fully set forth in the supreme court opinion and need not be repeated here.  On remand, after defendant waived his right to a jury for capital sentencing, the parties stipulated that on November 28, 1982, when defendant was 16 years old, he fatally shot Dwight Crozier in the chest at close range in Oakland, California.  Defendant pleaded guilty to a charge of second degree murder.  The State tendered a certified copy of his guilty plea, which was entered on February 10, 1986.

Based upon his prior murder conviction in California, the trial court found defendant eligible for the death penalty pursuant to section 9-1(b)(3) of the Criminal Code of 1961.  Ill. Rev. Stat. 1985, ch. 38, par. 9-1(b)(3).  However, after hearing arguments in aggravation and mitigation, the court found sufficient mitigating factors to preclude the imposition of that sentence.  Thereafter, defendant was sentenced to a mandatory term of life imprisonment without the possibility of parole based upon the multiple murders pursuant to section 5-8-1(a)(1)(c).  Ill. Rev. Stat. 1985, ch. 38, par. 1005-8-1(a)(1)(c).

Defendant's main contention is that the trial court erred in concluding that his second degree murder conviction in California was sufficient to trigger the mandatory life sentence provision under section 5-8-1 because it only applies to first degree murders.  Thus, this case presents a question of statutory interpretation and will be reviewed 
de
 
novo
.  
People v. Robinson
, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996).  At the time defendant committed the murders, the Illinois legislature had not distinguished between first and second degree murder.  The sentencing statute in effect at the time provided:

"(1) [F]or murder, *** (c) if the defendant has previously been convicted of murder under any state or federal law or is found guilty of murdering more than one victim, the court shall sentence the defendant to a term of natural life imprisonment."  Ill. Rev. Stat. 1985, ch. 38, par. 1005-8-1(a)(1)(c).

However, in 1986, the legislature renamed the offense of murder to first degree murder, replaced voluntary manslaughter with second degree murder, and amended the sentencing scheme accordingly.  
People v. Jeffries
, 164 Ill. 2d 104, 111, 646 N.E.2d 587, 590 (1995).  The amended sentencing statute provides:

"(1) [F]or first degree murder,

* * *

(c) the court shall sentence the defendant to a term of natural life imprisonment when the death penalty is not imposed if the defendant, 

(i) has previously been convicted of first degree murder under any state or federal law."  730 ILCS 5/5-8-1(a)(1)(c)(i) (West 1998).

By renaming the offenses, the legislature did not substantively change the sentencing statute.  The definitions of murder and first degree murder are identical, both providing for intentional, knowing, and felony murder, with the only exception that the new definition uses the term "second degree murder" in place of "voluntary manslaughter."  Compare 720 ILCS 5/9-1(a) (West 1998) with Ill. Rev. Stat. 1985, ch. 38, par. 9-1(a).
  Accordingly, we must consider whether conduct that is labeled second degree murder in California would constitute murder in Illinois if the offense had occurred here.

In 
People v. Guest
, 115 Ill. 2d 72, 503 N.E.2d 255 (1986), the supreme court engaged in a similar comparative analysis of the murder statutes of Illinois and California.  While the court was focused upon the multiple murder provisions relating to eligibility for the death penalty under section 9-1(b)(3) (Ill. Rev. Stat. 1979, ch. 38, par. 9-1(b)(3)), we nevertheless find it instructive on this issue.  There, the defendant had an Illinois murder conviction and a previous conviction for second degree murder in California.  The court concluded that the California murder statute was substantially similar to the murder statute in Illinois.  The court reasoned that the similarity is not found in the label of the respective statutes but, rather, in the shared mental state requirements needed to support a conviction for murder.  
Guest
, 115 Ill. 2d at 95, 503 N.E.2d at 265.  

"[U]nder both Illinois and California law, a killing constitutes murder where it is shown that the actor: (1) intentionally sought to bring about the death of another or (2) had knowledge that his conduct was practically certain to cause death or created a high or strong probability that death would result."  
Guest
, 115 Ill. 2d at 96, 503 N.E.2d at 266.  The court further noted that in California "the degree of murder concerns the penalty upon conviction; it does not concern the mental state which must be established in order for a killing to constitute murder."  
Guest
, 115 Ill. 2d at 99, 503 N.E.2d at 267.  Thus, the 
Guest
 analysis demonstrates that the second degree murder conviction in California is equivalent to defendant's murder conviction in Illinois, and the trial court properly entered a mandatory life sentence under section 5-8-1(a)(1)(c).

We reject defendant's assertion that the second degree murder conviction in California cannot serve as a basis for mandatory life imprisonment under 
People v. Nieves
, 193 Ill. 2d 513, 739 N.E.2d 1277 (2000).  There, the supreme court was asked to consider whether defendant's New York conviction for first degree manslaughter could be used together with his first degree murder conviction in Illinois to establish his eligibility for the death penalty under section 9-1(b)(3).  
Nieves
, 193 Ill. 2d at 535, 739 N.E.2d at 1288.  Under these circumstances, to be eligible for the death penalty under section 9-1(b)(3), the State had to prove not only that the out-of-state murder statute was substantially similar to that of Illinois, but that the murders resulted from either intentional or knowing acts.  720 ILCS 5/9-1(b)(3) (West 1998).
  The court in 
Nieves
 held that the State's failure to delineate under which subsection of the New York manslaughter statute defendant was convicted was a critical omission because only the first subsection had the requisite 
mens
 
rea
 to form the basis for eligibility under section 9-1(b)(3) of the death penalty statute.  
Nieves
, 193 Ill. 2d at 535-36, 739 N.E.2d at 1288.

However, unlike section 9-1(b)(3), under section 5-8-1(a)(1)(c) the legislature has not distinguished among the different types of murder, whether it be intentional, knowing, or felony murder, for the imposition of a mandatory life sentence.  Therefore, any of those mental states would be sufficient to trigger the multiple murder provision.  As such, unlike in 
Nieves
, it is immaterial which mental state was established to subject defendant to a mandatory life sentence.  

Defendant next contends that the procedural laws governing his guilty plea and juvenile transfer proceedings differ in Illinois and California and, therefore, the murder statutes are not substantially similar.  However, section 5-8-1(a)(1)(c) does not require that the procedures leading to a murder conviction be substantially similar.  The only requirement under section 5-8-1(a)(1)(c) concerns whether defendant had a prior conviction for murder under any state or federal law.  Ill. Rev. Stat. 1985, ch. 38, par. 1005-8-1(a)(1)(c).  Thus, even assuming, 
arguendo
, that defendant has raised a distinction between Illinois and California law pertaining to guilty pleas and juvenile transfers, "it is not a difference which is relevant to the issue before [this court]."  
Guest
, 115 Ill. 2d at 100, 503 N.E.2d at 268.

Where we find that the trial court properly sentenced defendant to a mandatory life sentence under section 5-8-1(a)(1)(c), we need not address defendant's assertions regarding the trial court's alternative basis for sentencing.

Accordingly, for the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.  

HOFFMAN, P.J., and BARTH, J., concur.