THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HEATHER JEAN BRUER, Defendant-Appellant.

Fourth District    No. 4—02—0259

Opinion filed December 10, 2002.

Jonathan A. Backman, of Law Office of Jonathan A. Backman, of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goet-

ten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In October 2001, defendant, Heather Jean Bruer, pleaded guilty to one count of burglary (720 ILCS 5/19—1(a) (West 2000)). In November 2001, the trial court sentenced defendant to three years in prison, consecutive to two other sentences of imprisonment. The trial court denied defendant's motion to reconsider sentence. Defendant appeals, arguing the trial court committed plain error in refusing to sentence her to probation based on an erroneous belief consecutive probation sentences are prohibited.

## I. BACKGROUND

In August 2001, police arrested defendant after she was caught stealing seven packs of cigarettes from a Schnuck's store in Bloomington. A grand jury indicted defendant on one count of burglary (720 ILCS 5/19—1(a) (West 2000)) and one count of misdemeanor retail theft (720 ILCS 5/16A—3(a) (West 2000)).

In September 2001, McLean County Judge W. Charles Witte sentenced defendant as follows on three other pending McLean County felony cases: two years' imprisonment in No. 00—CF—1490 (forgery), five years' imprisonment in No. 01—CF—173 (retail theft over $150), and 30 months' probation in No. 01—CF—416 (retail theft over $150), with all sentences to run consecutively. Judge Witte recommended defendant for impact incarceration.

In October 2001, the trial court convened for a jury trial on the burglary and retail theft charges. Defendant tendered a blind guilty plea to the burglary charge in exchange for the State's agreement to nol-pros the retail theft charge, dismiss a petition to revoke court supervision in another retail theft case, and dismiss a traffic case. In admonishing defendant of the possible penalties, Judge Witte indicated he could place defendant on probation. In explaining the nature of a blind plea, Judge Witte stated, "there is no agreement what the sentence will be. The judge will make the determination within the statutory guidelines, anything from no prison time, probation, all the way up to 14 years consecutive." The State presented a factual basis, and Judge Witte accepted the plea.

In November 2001, the trial court held a sentencing hearing. The State argued for a seven-year consecutive sentence. Defense counsel requested the trial court to impose probation. Judge Witte noted he was mandated to give her a consecutive sentence, and he had already sentenced her to 30 months' probation. Judge Witte noted, "[t]he [a]ppellate [c]ourts have held that I cannot give consecutive probation

terms." Judge Witte sentenced defendant to three years in prison, stating it was the minimum sentence authorized by law. He recognized defendant would lose eligibility for impact incarceration. Defendant's mother inquired why the trial court eliminated probation as an option. Judge Witte stated he had originally sentenced defendant to two consecutive terms in prison and consecutive probation in hopes defendant could succeed with impact incarceration. He had given defendant the standard guilty plea admonishments and did not have the other cases in front of him.

In December 2001, defendant filed a motion to reconsider sentence. Defendant's only contention was her sentence was excessive. In January 2001, defense counsel filed a certificate pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). The cause was assigned to Judge Stephen R. Pacey following Judge Witte's retirement. Judge Pacey heard argument on the motion to reconsider and continued the hearing to read the report of proceedings and study the file. At a later hearing, Judge Pacey denied defendant's motion to reconsider, concluding Judge Witte had no alternative other than to do what he did.

This appeal followed.

## II. ANALYSIS

Defendant argues the trial court erred in refusing to sentence her to probation based on an erroneous belief consecutive probation sentences are prohibited by the Unified Code of Corrections (Unified Code) (730 ILCS 5/1—1—1 through 8—6—1 (West 2000)).

■ Initially, we note defendant failed to properly preserve this issue for review by including it in her written motion to reconsider sentence. However, we may review defendant's contention under the plain error rule (134 Ill. 2d R. 615(a)) because sentencing issues are regarded as matters affecting a defendant's substantial rights. See *People v. Baaree*, 315 Ill. App. 3d 1049, 1050, 735 N.E.2d 720, 722 (2000); see also *People v. McCaskill*, 298 Ill. App. 3d 260, 264-65, 698 N.E.2d 690, 693 (1998) (waiver is an admonition to the parties and not a limitation upon the reviewing court).

■ The trial court has broad discretion in sentencing, and a sentence within statutory limits will not be disturbed absent an abuse of discretion. *People v. Pippen*, 324 Ill. App. 3d 649, 651, 756 N.E.2d 474, 477 (2001). However, to the extent this case presents a question of statutory interpretation, our review is *de novo. People v. Lewis*, 325 Ill. App. 3d 435, 437, 758 N.E.2d 438, 440 (2001). The principal rule of statutory construction is to ascertain and give effect to the legislature's intent. To determine the legislature's intent, we first look to the statute's language. *People v. Slover*, 323 Ill. App. 3d 620, 623, 753

N.E.2d 554, 557 (2001). A court must not depart from the statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express. *People v. Ellis*, 199 Ill. 2d 28, 39, 765 N.E.2d 991, 997 (2002).

■ The plain language of section 5—6—1(a) of the Unified Code (730 ILCS 5/5—6—1(a) (West 2000)) reflects the legislature's intent to authorize a sentence of probation unless "specifically prohibited" by other provisions of the Unified Code. Section 5—6—1(a) of the Unified Code states:

> "*Except where specifically prohibited by other provisions of this* [Unified] *Code*, the court *shall* impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character[,] and condition of the offender, the court is of the opinion that:
>
> (1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or
>
> (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Emphases added.) 730 ILCS 5/5—6—1(a) (West 2000).

We must therefore determine whether any provision of the Unified Code specifically prohibits a sentence of probation in this case. No exception in section 5—5—3(c)(2) of the Unified Code (730 ILCS 5/5—5—3(c)(2) (West 2000)) applies to this case.

### A. Section 5—8—4(h) of the Unified Code

■ The State maintains section 5—8—4(h) of the Unified Code (730 ILCS 5/5—8—4(h) (West 2000)) mandated the trial court to sentence defendant to a consecutive term of imprisonment because she committed the burglary while on pretrial release for separate felonies. Section 5—8—4(h) provides:

> "If a person charged with a felony commits a separate felony while on pre[ ]trial release or in pretrial detention in a county jail facility or county detention facility, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5—8—4(h) (West 2000).

We disagree with the State and determine the plain language of section 5—8—4(h) of the Unified Code does not mandate imprisonment or prohibit probation. The State's interpretation of section 5—8—4(h) would depart from the statute's plain language and read into the Unified Code a limitation the legislature did not express. We note section 5—8—4(h) does not mention imprisonment or probation.

Instead, section 5—8—4(h) merely states the *"sentences* imposed upon conviction of these felonies shall be served consecutively" (emphasis added). 730 ILCS 5/5—8—4(h) (West 2000). "Sentence" is defined in the Unified Code as "the disposition imposed by the court on a convicted defendant." 730 ILCS 5/5—1—19 (West 2000). Section 5—5—3(b)(1) of the Unified Code (730 ILCS 5/5—5—3(b)(1) (West 2000)) lists probation as a disposition.

Further, we reject the State's reliance on the Code's article and section headings as evidence of legislative intent to require imprisonment for sentences under section 5—8—4(h). Section 8—3—1 of the Unified Code (730 ILCS 5/8—3—1 (West 2000)) states: "Chapter, [a]rticle or [s]ection headings contained in this [Unified] Code shall not be deemed to govern, limit, modify[,] or in any manner affect the scope, meaning[,] or intent of the provisions of any [c]hapter, [a]rticle[,] or [s]ection hereof."

Finally, we distinguish a case cited by the State, *People v. Clark*, 183 Ill. 2d 261, 266, 700 N.E.2d 1039, 1042 (1998), in which the Supreme Court of Illinois stated, "By operation of [section 5—8—4(h)], once a defendant stands guilty of the felony, the only discretionary option left available to the circuit court is the *duration* of the sentence" (emphasis added). *Clark* concerned whether a defendant's plea constituted an open, as opposed to a negotiated, plea agreement. *Clark*, 183 Ill. 2d at 265, 700 N.E.2d at 1042. We consider the quoted statement to be *dictum* because a trial court's authority to impose probation under section 5—8—4(h) was not an issue before the court in *Clark*. The State cites no other case concerning section 5—8—4(h).

In conclusion, the plain language of section 5—8—4(h) of the Unified Code merely requires a trial court to impose consecutive sentences, not imprisonment. Section 5—8—4(h) does not specifically prohibit a trial court from imposing a sentence of probation consecutive to a sentence of imprisonment. Section 5—5—3(b) of the Unified Code (730 ILCS 5/5—5—3(b) (West 2000)) specifically authorizes such a combination of sentences for separate offenses. *People v. Wendt*, 163 Ill. 2d 346, 354, 645 N.E.2d 179, 183 (1994); *cf. People v. Williams*, 179 Ill. 2d 331, 335, 688 N.E.2d 1153, 1155 (1997) (consecutive imprisonment and probation is improper sentence for single offense).

## B. Consecutive Terms of Probation

■ We next decide whether the Unified Code prohibits consecutive terms of probation, as the trial court determined. The supreme court in *Wendt* noted, "the legislature expressly prohibited consecutive sentences of probation only in a limited situation as set forth in section 5—6—2(b)." *Wendt*, 163 Ill. 2d at 353-54, 645 N.E.2d at 183. Sec-

tion 5—6—2(b) of the Unified Code (730 ILCS 5/5—6—2(b) (West 2000)) provides, in relevant part: "[m]ultiple terms of probation imposed at the same time shall run concurrently."

In *People v. Gischer*, 51 Ill. App. 3d 847, 855, 366 N.E.2d 521, 527 (1977), the Fifth District determined a trial court has authority to impose consecutive terms of probation not imposed at the same time. In *People v. Redman*, 122 Ill. App. 3d 787, 793, 462 N.E.2d 21, 25 (1984), this court followed *Gischer*.

We adhere to *Gischer* and *Redman* and conclude the trial court could have imposed a term of probation consecutive to the term of 30 months' probation imposed earlier in McLean County case No. 01—CF—416. The trial court abused its discretion by refusing to consider probation in the erroneous belief consecutive probation sentences are prohibited.

### C. Remand for Resentencing

■ Citing *People v. Washington*, 297 Ill. App. 3d 790, 796-97, 697 N.E.2d 1241, 1246 (1998), defendant requests this court to give effect to Judge Witte's clear intent and modify her sentence to a term of probation. However, this court has no authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)) to reduce a sentence of imprisonment to a sentence of probation. *People v. Bolyard*, 61 Ill. 2d 583, 588, 338 N.E.2d 168, 170 (1975). Therefore, we vacate defendant's sentence of three years' imprisonment and remand for resentencing.

### III. CONCLUSION

For the reasons stated, we affirm defendant's conviction, vacate her sentence, and remand for resentencing.

Affirmed in part and vacated in part; cause remanded with directions.

COOK and TURNER, JJ., concur.